UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JAN 27 AM 9:09

CLERK

BY _____
DEPUTY CLERK

| ISABEL VINSON, | |
|---|---|
| Plaintiff, | Civil Action No. 2:22-cv-20 |
| v. | |
| THOMAS J. DONOVAN, JR. in his official capacity as Attorney General for the State of Vermont, and TRACY KELLY SHRIVER, in her official capacity as State's Attorney for Windham County, | |
| Defendants. | |

## COMPLAINT

Plaintiff Isabel Vinson, by and through her counsel from the American Civil Liberties Union Foundation of Vermont and Dinse P.C., complains against Defendants Thomas J. Donovan, Jr. in his official capacity as Attorney General for the State of Vermont, and Tracy Kelly Shriver, in her official capacity as State's Attorney for Windham County, as follows:

### Introduction

1. This is a constitutional challenge to the State of Vermont's "disturbing peace by use of telephone or other electronic communications" statute, 13 V.S.A. § 1027, under which Plaintiff Isabel Vinson was cited for engaging in constitutionally protected speech.

2. Section 1027 is at once vague and exceedingly broad in scope. In relevant part, it prohibits a person with intent to terrify, intimidate, threaten, harass, or annoy, from contacting another by electronic means and making a request, suggestion, or proposal that is obscene, or from disturbing or attempting to disturb the peace, quiet, or privacy of another through repeated electronic communications. Specifically, the statute states as follows:

> A person who, with intent to terrify, intimidate, threaten, harass, or annoy makes contact by means of a telephonic or other electronic communication with another and makes any request, suggestion, or proposal that is obscene, lewd, lascivious, or indecent; threatens to inflict injury or physical harm to the person or property of any person; or disturbs, or attempts to disturb, by repeated telephone calls or other electronic communications, whether or not conversation ensues, the peace, quiet, or right of privacy of any person at the place where the communication or communications are received shall be fined not more than $250.00 or be imprisoned not more than three months, or both.

13 V.S.A. § 1027.

3. On July 7, 2020, the Brattleboro Police Department cited Plaintiff Isabel Vinson under § 1027, principally, for criticizing a local business owner's derogatory posts about the Black Lives Matter movement on Facebook. As a result of the citation, Ms. Vinson's political speech has been chilled. She has been reluctant to post on Facebook, fearing additional citations, prosecution, and imprisonment.

4. Because § 1027 unambiguously violates the free speech rights guaranteed by the United States Constitution and is unconstitutionally vague in the conduct that it prohibits, Ms. Vinson seeks a declaration holding the statute unconstitutional and a permanent injunction prohibiting its enforcement, along with attorney's fees and costs.

## Parties

5. Plaintiff Isabel Vinson is a resident of Brattleboro, Vermont.

6. Defendant Thomas J. Donovan, Jr. is the Attorney General for the State of Vermont. As Attorney General, he is responsible for executing and administering the laws of the State of Vermont, including 13 V.S.A. § 1027. He is sued in his official capacity.

7. Defendant Tracy Shriver is the State's Attorney for Windham County and is responsible for executing and administering the laws of the State of Vermont, including 13 V.S.A. § 1027, in Windham County. She is sued in her official capacity.

## Jurisdiction and Venue

8. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

9. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

10. This Court has personal jurisdiction over both Defendants, as they are residents and officers of the State of Vermont.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendants are subject to personal jurisdiction within the District of Vermont and the events that give rise to this action occurred within the District of Vermont.

## Statement of Facts

12. Ms. Vinson is a supporter of the Black Lives Matter movement, which aims to call attention to and address the injustices faced by Black communities and

individuals. Several community groups in the Brattleboro region are similarly focused on addressing the issues faced by Black communities and individuals in Vermont.

13. In June 2020, Christian Antoniello, a Brattleboro resident and the owner of a local business called the Harmony Underground, criticized the Black Lives Matter movement on his personal Facebook page, stating, "How about all lives matter. Not black lives, not white lives. Get over yourself no one's life is more important than the next. Put your race card away and grow up."

14. On June 6, Ms. Vinson posted on her own Facebook page and tagged[1] the Harmony Underground's business page. Ms. Vinson's post stated: "Disgusting. The owner of the Harmony Underground here in Brattleboro thinks this is okay and no matter how many people try and tell him it's wrong he doesn't seem to care." In the comments on her post, Ms. Vinson recommended that everyone "leave a review on his page so [Antoniello] can never forget to be honest," and also tagged a Facebook group called "Exposing Every Racist."

15. In response to Ms. Vinson's Facebook post, a conversation thread ensued among several people, including Ms. Vinson, about her post, Mr. Antoniello, and other complaints about the business.

---

[1] "'Tagging' is a process where a social media user creates a link to another user's social media profile page." *State v. Williams*, No. 2 CA-CR 2016-0345, 2018 WL 3569309, at *1 n.1. (Ariz. Ct. App. July 24, 2018). On Facebook specifically, "where a user tags someone, the other user is notified and the associated posting becomes visible to that user and generally the tagged user's Facebook 'friends.'" *Id.*

16. Several weeks later, Antoniello and his wife reported to the Brattleboro Police Department that they were being harassed on Facebook and that Ms. Vinson's Facebook activity caused them to fear for their safety.

17. On July 7, the Brattleboro Police Department cited Ms. Vinson under § 1027 based on her Facebook activity.

18. Two weeks later—after the ACLU submitted a records request to the chief of the Brattleboro Police Department for documents related to the citation of Ms. Vinson—the Brattleboro Police Department informed Ms. Vinson that it was willing to pursue diversion, where criminal charges would be dropped after she completed the "Justice Alternatives Program" at Brattleboro Community Justice Center.

19. Ms. Vinson refused to accept diversion without first speaking to an attorney.

20. Two days later, the Brattleboro police informed Ms. Vinson that she would not be charged.

21. As a result of the citation, Ms. Vinson's speech has been chilled. She has been reluctant to post on Facebook, especially posts criticizing local businesses, because she has a real and imminent fear of future prosecution.

## COUNT I – VIOLATION OF THE FIRST AMENDMENT

### (Overbreadth)

22. Plaintiff incorporates by reference Paragraph Nos. 1-21.

23. The First Amendment to the United States Constitution, which is applicable to the states through the Fourteenth Amendment, guarantees the right to freedom of speech. The First Amendment provides Ms. Vinson with the constitutional right to express her political views free from government interference.

24. Section 1027 is subject to strict scrutiny because it imposes content-based restrictions on protected speech, including by regulating indecent language and speech intended to annoy.

25. The State does not have a compelling interest in regulating annoying or indecent speech.

26. Even if the State had a compelling interest in regulating annoying or indecent speech, § 1027 is not the least restrictive means to do so.

27. While the State may have an interest in regulating true threats and other non-protected speech that is communicated online and through other electronic communications, § 1027 regulates a substantial amount of online speech, including indecent language and speech intended to annoy, that far exceeds the State's interests.

28. Accordingly, § 1027 facially violates the First Amendment because it is substantially overbroad.

## COUNT II – VIOLATION OF THE FOURTEENTH AMENDMENT
### (Vagueness)

29. Plaintiff incorporates by reference Paragraph Nos.1-28.

30. The Due Process Clause of the Fourteenth Amendment requires that penal statutes describe prohibited conduct with sufficient clarity to provide persons of ordinary intelligence a reasonable opportunity to understand what conduct they prohibit.

31. Section 1027 is void for vagueness because it fails to describe the prohibited conduct with any clarity.

32. Section 1027 is also void for vagueness because it authorizes arbitrary and discriminatory enforcement of online and electronic speech.

### Request for Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgement in her favor and against Defendants, and award the following relief:

A. Declare that 13 V.S.A. § 1027 facially violates the First and Fourteenth Amendments of the United States Constitution.

B. Permanently restrain and enjoin Defendants, their officers, agents, employees, and attorneys from enforcing 13 V.S.A. § 1027.

C. Award Plaintiff attorneys' fees and costs in this action pursuant to 42 U.S.C. § 1988(b); and

D. Grant any other relief as this Court deems just and proper under the circumstances.

Dated at Burlington, Vermont this 27th day of January 2022.

/s/ Jay Diaz

Jay Diaz, Esq.
Lia Ernst, Esq.
ACLU of Vermont
PO Box 227
Montpelier, VT 05601
(802) 279-9043
jdiaz@acluvt.org
lernst@acluvt.org


Justin Barnard, Esq.
Haley Peterson, Esq.
DINSE
209 Battery Street, P.O. Box 988
Burlington, VT  05401
(802) 864-5751
jbarnard@dinse.com
hpeterson@dinse.com

*Attorneys for Isabel Vinson*

8